# United States Court of Appeals for the Fifth Circuit

---

No. 22-51064
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS FERNEY CAMPUZANO-HENAO,

*Defendant—Appellant*,

CONSOLIDATED WITH

---

No. 22-51066

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS FERNEY CAMPUZANO HENAO,

*Defendant—Appellant*.

No. 22-51064
c/w No. 22-51066

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-609-1, 4:22-CR-616-1

_____

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Luis Ferney Campuzano-Henao appeals his conviction and sentence for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) & (b). He also appeals the revocation of his supervised release and the sentence imposed upon revocation; however, because he does not address either the validity of the revocation or the revocation sentence, he has abandoned any challenge to those issues on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

With respect to his illegal reentry conviction and sentence, Campuzano-Henao argues that the application of § 1326(b)'s enhanced penalty provision is unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. He has filed an unopposed motion for summary disposition and a letter brief conceding that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), and explaining that he raises the issue to preserve it for Supreme Court review.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

22-51064
c/w No. 22-51066

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion is GRANTED, and the district court's judgments are AFFIRMED.